UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>    PLAINTIFF,<br><br>v.<br><br>ANA AND ROGELIO GARCIA,<br><br>    DEFENDANTS. | § § § § § § § § § § § § |

CIVIL ACTION NO. _____

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

Plaintiff Allstate Vehicle and Property Insurance Company files this Original Complaint for Declaratory Judgment and respectfully shows the following:

### I.
### THE PARTIES

1.1   Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate") is a foreign insurance company incorporated in the State of Illinois with its principal place of business in Illinois. Allstate is authorized to do business in the State of Texas.

1.2   Defendants Ana and Rogelio Garcia are individuals residing in Houston, Harris County, Texas. They may be served with process at 10503 Rockcrest Dr., Houston, Texas 77041.

### II.
### JURISDICTION AND VENUE

2.1   The court has jurisdiction of this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332.  This is

a civil action, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication.

2.2     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 because this is the judicial district in which Defendants reside.  It is also where a substantial part of the events or omissions giving rise to Defendants' claim occurred, or a substantial part of property that is the subject of the action is situated.

## III.
## BACKGROUND FACTS RELEVANT TO THIS ACTION

3.1     On January 24, 2020, an explosion occurred at the site of the Watson Grinding & Manufacturing Co., located at 4525 Gessner Road in Houston, Harris County, Texas.  Defendants' home is located approximately 0.9 miles from the explosion site.

3.2     On the date of the explosion, Defendants' home was insured by Allstate under House & Home policy no. 836343896 (the "Policy").  Defendants made a claim with Allstate for damages to their home allegedly caused by the explosion. Allstate opened claim no. 0576052427 (the "Claim") to address Defendants' reported loss.

3.3     On July 16, 2020, Defendants invoked the Policy's appraisal provision and designated Ray Choate of Axiom Appraisal Group ("Choate") as their appraiser.  Allstate acknowledged Defendants' appraisal demand and designated Scott Pingel of CIS Specialty Claim Services ("Pingel") as Allstate's appraiser.  The two appraisers attempted to agree on an umpire, but they could not reach an agreement.  As such, CIS asked the American Arbitration Association ("AAA") to appoint an umpire on Allstate's behalf.

3.4     On or about January 5, 2021, AAA advised Pingel and Choate that Linda Bramlett Stewart was appointed as umpire.  Choate contested Ms. Stewart's appointment, insisting that he and Pingel had previously agreed on an umpire before AAA became involved, therefore there was

no basis for an AAA appointed umpire on the Claim. Choate refuses to cooperate with the AAA umpire and the appraisal process.

3.5     Defendants' individual loss facts are not at issue in this declaratory judgment action.  This action seeks an interpretation of the Policy's appraisal provision regarding AAA's selection of an umpire (in this case, Ms. Stewart) because the parties' appraisers could not agree on an umpire.

3.6     Given that Defendants' appraiser, Choate, refuses to cooperate with the AAA umpire and the appraisal process set forth in the Policy, this action also seeks an interpretation of the Policy's appraisal provision recognizing the validity of an appraisal award issued by either the two appraisers or by one appraiser and the umpire.

## IV.
## THE SUBJECT APPRAISAL PROVISION

4.1     The Policy's appraisal provision provides that if Allstate and Defendants fail to agree on the amount of loss, either party may make written demand for an appraisal. As noted above, Defendants made an appraisal demand on the Claim.  The contractual appraisal procedures are delineated as follows:

> 8. Appraisal
> If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire then an umpire will be appointed in the following manner:
>
> a) You or we will request the American Arbitration Association (AAA) to select an umpire at:
> American Arbitration Association
> Case Filing Services
> Attn: Allstate Texas Appraisal
> 1101 Laurel Oak Road Ste 100
> Voorhees, New Jersey 08043

Email: casefiling@adr.org
(with subject matter as "Allstate Texas Appraisal")

b) Only if AAA advises you and us in writing that it cannot appoint an umpire may we then jointly request a judge of a district court in the judicial district where the residence premises is located to select an umpire. A judge of a district court does not include a commissioner or a judge of a county court at law, or a justice court, a municipal court, a probate court, or of a commissioner's court.

The appraisers shall then determine the amount of the loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and us, the amount agreed upon shall be the amount of the loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of the loss. Each party will pay the appraiser it chooses, and equally bear expense for the umpire and all other appraisal expenses.

* * *

The Policy's appraisal provision unequivocally states that if the appraisers cannot agree on an umpire then an umpire will be appointed by AAA in the manner prescribed therein. As stated above, with respect to this matter, Allstate requested that AAA select an umpire and AAA did so.

## V.
## DECLARATORY RELIEF SOUGHT

5.1     This is an action for a declaratory judgment pursuant to 28 U.S.C.A. § 2201 for the purpose of determining a question of actual controversy between the parties as more fully appears herein.

5.2     Defendants were insured under the Policy on the date of loss, Allstate opened the Claim in response to Defendants' reported loss, Defendants made an appraisal demand, the parties' appraisers were selected but they could not agree on an umpire, therefore, an umpire was properly requested by Allstate and appointed by AAA pursuant to the Policy's terms.

5.3     This action is brought for a judicial declaration that Plaintiff and Defendants are contractually obligated to proceed with the appraisal using the AAA-appointed umpire (Linda

Bramlett Stewart), and that the Policy's appraisal provision allows for Plaintiff's appraiser and the AAA-selected umpire (Ms. Stewart) to issue an appraisal award without involvement of the Defendants' appraiser, given that the Defendants' appraiser has declined to participate in the appraisal process with the AAA-selected umpire.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Allstate Vehicle and Property Insurance Company respectfully requests that Defendants be cited to appear and having done so, that the Court enter a declaratory judgment that Plaintiff and Defendants are contractually obligated to proceed with the appraisal using the AAA- selected umpire (Linda Bramlett Stewart), and that the Policy's appraisal provision allows for Plaintiff's appraiser and the AAA-selected umpire to issue an appraisal award without involvement of the Defendants' appraiser given that the Defendants' appraiser has declined to participate in the appraisal process with the AAA-selected umpire.  Allstate further requests such other and further relief to which it is deemed entitled.

Respectfully submitted,

 */s/ Tiffany A. Au*
Roger D. Higgins
State Bar No.  09601500
rhiggins@thompsoncoe.com
Tiffany A. Au
State Bar No. 24075842
tau@thompsoncoe.com
Gino J. Rossini
Texas Bar No. 24007953
grossini@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:	(214) 871-8200
Facsimile:	(214) 871-8209

**COUNSEL FOR PLAINTIFF
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**